UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

JOBEY L. HENDERSON,

        Plaintiff,                              Case No. 1:07-cv-326

v.                                                    Honorable Gordon J. Quist

PATRICIA CARUSO,

        Defendant.
_____/

## REPORT AND RECOMMENDATION

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, I recommend that Plaintiff's complaint be dismissed for failure to state a claim.

**Discussion**

I. Factual Allegations

Plaintiff is incarcerated in the Ionia Maximum Correctional Facility (ICF). In his *pro se* complaint, he sues Patricia Caruso, Director of the Michigan Department of Corrections (MDOC). Plaintiff has been incarcerated in a segregation unit at ICF since March 2005. Before entering administrative segregation, Plaintiff was a student at Ohio University under a college program for prisoners. When he was placed in administrative segregation, Plaintiff no longer was permitted to participate in any correspondence courses. Plaintiff claims that he received approval from the prison librarian to order books from Blackstone Career Institute. However, when his books arrived, Case Manager (Unknown) Vroman denied Plaintiff access to the materials and told him that they would be thrown away. Plaintiff alleges violations of his federal rights, including violations of the Rehabilitation Act, the Americans with Disabilities Act and the "Education Amendments." He also asserts violations of state law. Plaintiff seeks declaratory and injunctive relief, as well as an unspecified amount of monetary damages.[1]

II. Failure to State a Claim

A complaint fails to state a claim upon which relief can be granted when it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations of the complaint. *Jones v. City of Carlisle*, 3 F.3d 945, 947 (6th Cir. 1993). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal

---

[1] The instant complaint is based on the same or similar fact as *Henderson v. MDOC*, 1:06-cv-121 (W.D. Mich.). In that case, Plaintiff sued only the MDOC. On April 10, 2006, the Court dismissed that case with prejudice on immunity grounds. Because the Court did not address the merits of the previous complaint, the instant action is not precluded from review. *See Allen v. McCurry*, 449 U.S. 90, 94 (1980).

Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

Contrary to his assertions, Plaintiff does not have a federally cognizable liberty interest in participating in educational programs while incarcerated. Federal courts have consistently found that prisoners have no constitutionally protected liberty interest in prison vocational, rehabilitation, and educational programs based on the Fourteenth Amendment. *See, e.g.*, *Newsom v. Norris*, 888 F.2d 371, 374 (6th Cir. 1989) (no constitutional right to prison employment); *Bullock v. McGinnis*, No. 00-1591, 2001 WL 180978, at *2 (6th Cir. Feb. 14, 2001) (prisoner has no constitutional right to rehabilitation, education, or jobs); *Carter v. Morgan*, No. 97-5580, 1998 WL 69810, at *2 (6th Cir. Feb. 10, 1998) (no constitutional right to educational classes); *Molina v. Wilkinson*, No. 96-3127, 1996 WL 678226, at *2 (6th Cir. Nov. 21, 1996) (prisoner has no constitutional right to educational classes); *Tribell v. Mills*, No. 93-5399, 1994 WL 236499, at *1 (6th Cir. June 1, 1994) ("[N]o constitutional right to vocational or educational programs"). Under these authorities, Plaintiff has no due process claim arising from his inability to participate in correspondence courses.

Plaintiff also asserts violations of federal statutes that protect individuals with disabilities. Title II of the Americans with Disabilities Act (ADA), 42 U.S.C. § 12131 provides: "Subject to the provisions of this subchapter, no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services,

programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132. Therefore, to state a claim under the ADA, a plaintiff must show that he is a "qualified person," that he has a "disability," and that he is being excluded from a "service, program, or activity" of the state. Similarly, Section 504 of the Rehabilitation Act of 1973 (RA), protects any "otherwise qualified individual" from "be[ing] excluded from the participation in, be[ing] denied the benefits of, or be[ing] subjected to discrimination" under specified programs "solely by reason of her or his disability." 29 U.S.C. § 794(a). Plaintiff does not provide any factual support for his claim. In particular, Plaintiff does not allege that he suffers from a disability. Therefore, he fails to state a claim under the ADA or the RA.

In addition, Plaintiff asserts a violation of the "Education Amendments." Title IX, enacted as part of the Education Amendments of 1972, proscribes gender discrimination in educational programs receiving federal financial assistance. 20 U.S.C. § 1681(a). Because Plaintiff does not allege gender discrimination or any other facts supporting a claim under Title IX, he fails to state a claim.

### III. State law claims

Plaintiff also asserts violations of state law. Section 1983 does not provide redress for a violation of a state law. *Pyles v. Raisor*, 60 F.3d 1211, 1215 (6th Cir. 1995); *Sweeton v. Brown*, 27 F.3d 1162, 1166 (6th Cir. 1994). To the extent that Plaintiff's complaint presents allegations under state law, this Court declines to exercise jurisdiction. The Sixth Circuit has stated that district courts should generally decline to exercise supplemental jurisdiction over state law claims under these circumstances. *See Landefeld v. Marion Gen. Hosp., Inc.,* 994 F.2d 1178, 1182 (6th Cir. 1993); *Hawley v. Burke*, No. 97-1853, 1998 WL 384557, at *1-2 (6th Cir. June 18, 1998).

**Recommended Disposition**

Having conducted the review now required by the Prison Litigation Reform Act, I recommend that Plaintiff's complaint be dismissed for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). Should this report and recommendation be adopted, the dismissal of this action will count as a strike for purposes of 28 U.S.C. § 1915(g).

I further recommend that the Court find no good-faith basis for appeal within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997).

    /s/ Timothy P. Greeley
TIMOTHY P. GREELEY
UNITED STATES MAGISTRATE JUDGE

Dated:   May 31, 2007

**NOTICE TO PARTIES**

Any objections to this Report and Recommendation must be filed and served within ten days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b). Failure to file timely objections may constitute a waiver of any further right of appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *see Thomas v. Arn*, 474 U.S. 140 (1985).